**FILED - LN**
July 21, 2023 10:28 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: EOD   SCANNED BY: __/bw/ 7/21__

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| In the United States District Court for the | |
|---|---|
| Name (under which you were convicted):<br>Keenan Jermaine Dunigan | Docket or Case No.:<br>1:20-CR-29 |

1:23-cv-775
Hala Y. Jarbou
Chief United States
District Judge

| Place of Confinement:<br>FCI P.O. Box 1000 Cumberland, MD 21501 | Prisoner No.: |
|---|---|

| UNITED STATES OF AMERICA | v. | Keenan Dunigan |
|---|---|---|
| | | MOVANT (include name under which convicted) |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging: _____
   United States District Court Western District of Michigan
   Southern Divrsion

   (b) Criminal docket or case number (if you know): 1:20-CR-00029-HYJ

2. (a) Date of the judgment of conviction (if you know): _____
   (b) Date of sentencing: May 26, 2021

3. Length of sentence: Thirty two years (32)

4. Nature of crime (all counts): (See Attachment Continue Page)
   21 USC§841(a)(1) and 21 USC §841(b)(1)(C) knowingly and
   intentionally distribution of a mixture and substance
   containing a detectable amount of fentanyl a schedule II
   controlled substance, the use of which resulted in the
   death of a person, Knowingly + intentionally conspired to

5. (a) What was your plea? (Check one) (1) Not guilty ☑ (2) Guilty ☐ (3) Nolo contendere (no contest) ☐
   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment,
   what did you plead guilty to and what did you plead not guilty to? Guilty to count 6 21 USC
   §841(a)(1) and §841(b)(1)(C). All other counts dismissed.

6. If you went to trial, what kind of trial did you have?  (Check one)    Jury ☐    Judge only ☐
7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☑
8. Did you appeal from the judgment of conviction?    Yes ☑    No ☐

With others to distribute and possess intent to distribute a controlled substance, namely heroin and fentanyl, in violation of 21 USC 3846.

Knowingly possessed a firearm, and the was in and affecting commerce, in violation of 18 USC §922(g)(1) and 18 USC §924(e).

Knowingly possessed the following firearm in furtherance of the drug trafficking crime of possession with intent to distribute fentanyl and heroin, in violation of 18 USC 1924(c)(A)(1)

Count 1, 2, 5, 7 and 8
Knowingly and intentionally possessed with intent to distribute a mixture or substance containing fentanyl a Schedule II controlled substance and heroin, a schedule I controlled substance, in violation of 21 USC §841(a)(1) and 841(b)(1)(C)n

9.  If you did appeal, answer the following:

   (a)  Name of court: *U.S. Court of Appeals For The Sixth Circuit*

   (b)  Docket or case number (if you know): *21-1549*

   (c)  Result: *Denied*

   (d)  Date of result (if you know): *May 18, 2022*

   (e)  Citation to the case (if you know): _____

   (f)  Grounds raised: *Plea Agreements and sentencing guidelines enhancement.*

   _____

   _____

   _____

   _____

   _____

   (g)  Did you file a petition for certiorari in the United States Supreme Court?      Yes ☐      No ☒

        If "Yes," answer the following:

        (1) Docket or case number (if you know): _____

        (2) Result: _____

        (3) Date of result (if you know): _____

        (4) Citation to the case (if you know): _____

        (5) Grounds raised: _____

        _____

        _____

        _____

        _____

        _____

10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

        Yes ☐        No ☒

11.  If your answer to Question 10 was "Yes," give the following information:

   (a)  (1) Name of court: _____

        (2) Docket or case number (if you know): _____

        (3) Date of filing (if you know): _____

        (4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

        Yes ☐        No ☒

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?

        Yes ☐        No ☒

    (7) Result: _____

    (8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1) First petition:    Yes ☐      No ☒

    (2) Second petition:    Yes ☐      No ☒

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

_____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: ___§841(b)(1)(C) Death Results___

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Death result enhancement is an element that must be submitted to the jury and found beyond a reasonable doubt because it increases a defendant's minimum and maximum sentence. The court also held the statutory language in §841(b)(1)(C) requires a defendant's unlawful distribution of the drugs be the "but-for" cause of the person death rather than a mere contributing factor. Burrage V. U.S. 571 US 204, 134 S. Ct. 881 187 L. Ed. 2d 715 (2014).

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☒

(2) If you did not raise this issue in your direct appeal, explain why: _Ineffective Assistance of Counsel failed to raise issue._

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Rev. 12/5/07

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ☐      No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ☐      No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

    Yes ☐      No ☑

(6) If your answer to Question (c)(5) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7)    If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _Counsel was ineffective for failing to raise issue._

_____

_____

**GROUND TWO:** _Plea Agreement Element Violation Rule 11(c)(1)_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The court violate the plea Agreement by not explaining Fed. R. Crim. P. 11(c)(1) During the plea hearing, the district court did not explain " the adequately explain the term conspiracy to him. This case involved a complex conspiracy charge while the drug conspiracy was not simple. The never explain that death results element must be submitted to the jury and found beyond a reasonable doubt because it increases defendant's minimum and maximum sentence.

U.S. V. Edgecomb, 910 F.2d 1306 (6th Cir. 1990)

(b)  **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐      No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: _____

*Ineffective Assistance of Counsel can't be raise in direct appeal.*

(c)  **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐      No ☒

    (2) If you answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐      No ☒

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐      No ☒

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐      No ☒

    (6) If your answer to Question (c)(5) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    (7)    If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: *Ineffective Assistance of Counsel failed to raise issue.*

**GROUND THREE:** _Probable Cause._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The warrant in this case failed to make any connection between the residence to be searched and the facts of criminal activity that the officer set out in his affidavit. That affidavit also failed to indicate any connection between the defendant and any of the criminal activity that occurred there. In order to establish probable cause, however, there must be a nexus between the place to be searched and the evidence sought. U.S. v. Van Shutters, 163 F.3d 331, 336 (6th Cir. 1998)).

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐          No ☒

(2) If you did not raise this issue in your direct appeal, explain why: _Counsel failed to raise issue on appeal._

(c) **Post-Conviction Proceedings:**

(1) **Did you raise this issue in any post-conviction motion, petition, or application?**

Yes ☐          No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) **Did you receive a hearing on your motion, petition, or application?**

Yes ☐          No ☒

(4) **Did you appeal from the denial of your motion, petition, or application?**

Page 8

Yes ☐          No ☑

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐          No ☑

(6)  If your answer to Question (c)(5) is "Yes," state:

Name and location of the court where the appeal was filed: _____
_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____
_____

(7)      If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise
this issue:  *Counsel failed to raise issue Ineffective*
*Assistance Counsel*
_____
_____
_____

**GROUND FOUR:** _____
_____

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐          No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____

Rev. 12/5/07

_____

_____

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐          No ☐

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐          No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐          No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐          No ☐

(6)  If your answer to Question (c)(5) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7)     If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

13.  Is there any ground in this motion that you have not previously presented in some federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

_____

_____

_____

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging?     Yes ☐         No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)  At the preliminary hearing: _____

_____

(b)  At the arraignment and plea: _____

_____

(c)  At the trial: _____

_____

(d)  At sentencing: _____

_____

(e)  On appeal: _____

_____

(f)  In any post-conviction proceeding: _____

_____

(g)  On appeal from any ruling against you in a post-conviction proceeding: _____

_____

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☐    No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?

    Yes ☐    No ☒

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

    _____

    _____

    (b) Give the date the other sentence was imposed: _____

    (c) Give the length of the other sentence: _____

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?

    Yes ☒    No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

    Fogle V. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006)(Prisoner entitled to consideration under equitable tolling doctrine because being locked in cell at least 23 hours a day and denied access to legal aid arguably constituted extraordinary circumstances. Although applied sparingly equitable tolling is available when a prisoner establishes (1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Ata V. Scutt, 662 F.3d 736, 741 (6th Cir. 2011). (See Attachment)

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

    A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
    (1) the date on which the judgment of conviction became final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**Therefore,** Movant asks that the Court grant the following relief: Vacate set aside

The prison at which he is incarcerated was operating
on lockdown status as a result of the COVID-19 pandemic thereby
preventing him from accessing the legal resources necessary to
prepare his motion. The pandemic constitute extraordinary
circumstances from timely filing motion. Also in June of 2023
the Wild fire air alert cause the institution to be placed on lock-
downs and there was a lockdown due to issue with the
institution fence. For these reason defendant motion should
be grant as timely filed.

Under the penalty of perjury I swear that the due diligently filed and
because of the reason stated the motion would have been timely
filed 28 USC §1746.

Also from may 26th until June 16th 2023 defendant
was placed in S.H.u 24 hour lockdown and also was
unable to access proper legal resources.



WILLIAM S. DURRENCE
Notary Public-Maryland
Allegany County
My Commission Expires
September 11, 2023

Page 12

_sentence for all the reasons stated above because justice so requires._

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on ___June 14, 2023_____

(month, date, year)

Executed (signed) on ___June 14, 2023_____ (date).

#13656-040

_William_ 7/14/2023

WILLIAM S. DURRENCE
Notary Public-Maryland
Allegany County
My Commission Expires
September 11, 2023

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

_____

_____

_____

_____

_____

June 14, 2023

June 14, 2023

WILLIAM S. DURRENCE
Notary Public-Maryland
Allegany County
My Commission Expires
September 11, 2023



Keenan

Federal correctional Institution

Cumberland

P.O. Box 1000

Cumberland, MD

21502

13656-040
SPOSE Clerk Of The Cour
315 W Allegan ST
Lansing, MI 4893
United States





02 0860 0005 5355 0077

ACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
F THE RETURN ADDRESS. FOLD AT DOTTED LINE

**CERTIFIED MAIL**

02 0860 0005 5355 0077